## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**FERNANDO M. RODRIGUEZ**                                                                        **PLAINTIFF**

V.         CASE NOs. 5:14-CV-05161, 5:14-CV-05197, and 5:14-CV-05198

JOSE VEGA a/k/a FEDERICO VEGA-ROBLES
or JOSE F. VEGA; MS. TORRES, Benton County
Detention Center; OFFICER GARCIA, Rogers
Police Department; JERRY; CHON; DAVID QUINTERO,
Mechanic; JOHN DOE DEPUTIES 1 TO 5, Benton County
Detention Center; ISRAEL CASTILLO GALVAN;
BENTONVILLE COURT/ROGERS COURT; OFFICER
WASENG XIONG; OZARK MOUNTAIN POULTRY;
MR. LEON and/or LEON ALVORADA ARCE; JOHN DOE
CONSPIRATORS; and JOHN DOE EX-CELL MATE                                      **DEFENDANTS**

## ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 31) of the Honorable Erin L. Setser, United States Magistrate for the Western District of Arkansas, filed in this case on December 17, 2014, regarding Plaintiff Fernando M. Rodriguez's consolidated civil rights actions pursuant to 42 U.S.C. § 1983. The Magistrate performed a pre-service screening of Mr. Rodriguez's Complaint under the Prison Litigation Reform Act, 28 U.S.C. §1915A, as he proceeds *pro se* and *in forma pauperis*. Mr. Rodriguez has filed numerous Objections to the R & R (Docs. 32-50). He also filed two Motions to Correct and Amend (Docs. 51-52). The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Mr. Rodriguez has raised objections. 28 U.S.C. § 636(b)(1). After careful review, the Court concludes that the findings and recommendations of the Magistrate should be, and hereby are,

**APPROVED and ADOPTED**. Further, Mr. Rodriguez's Motions to Correct and Amend are **DENIED**.

The Magistrate recommends that Mr. Rodriguez's consolidated cases be dismissed entirely. Specifically, the Magistrate recommends dismissal as to: (1) Jose Vega, David Quintero, Israel Castillo Galvan, Mr. Rodriguez's ex-cell mate, Jerry, Chon, Mr. Leon and/or Leon Alvorada Arce, and Ozark Mountain Poultry, as these are all private individuals or entities not subject to a § 1983 action; (2) the allegations of excessive force against John Doe Deputies, as these are barred by the statute of limitations; (3) Officer Garcia's refusal to investigate Mr. Rodriguez's allegations of stolen mail and documents, as there is no constitutional right to have law enforcement investigate a reported crime; (4) any challenges to actions taken by the state court, as only the United States Supreme Court has jurisdiction to review state court decisions; (5) claims that Mr. Rodriguez's constitutional rights were violated by the issuance of citations, fines/ court costs, and proceedings against him, as these are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (6) Ms. Torres regarding lost mail, as Mr. Rodriguez has not alleged that there was an ongoing practice or policy that resulted in interference with his mail; and (7) allegations that Officer Xiong used excessive force by pointing a gun at a suspect, without more, fails to rise to a violation of a constitutional right.

Much of Mr. Rodriguez's numerous filings do not appear to be responsive in any comprehensible way to the Magistrate's R & R. Instead, the majority of Mr. Rodriguez's objections involve letters that he believes other inmates are intercepting in the jail or purporting to send to the Court in his name. He is concerned about what these inmates

may do in the future, but he concedes they are not named in this lawsuit. While it is difficult to surmise Mr. Rodriguez's objections from his general grievances about other inmates and generally to being imprisoned, Mr. Rodriguez only objects to three of the Magistrate's recommendations.[1]

Mr. Rodriguez first objects to the dismissal of Officer Garcia for failure to investigate the alleged theft of his mail and certain documents. There is no constitutional right to have law enforcement officials investigate a reported crime. See Sheets v. Mullins, 287 F.3d 581 (6th Cir. 2002). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens against private acts of violence, but rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." Kallstrom v. City of Columbus, 136 F.3d 1055, 1065 (6th Cir. 1998). Therefore, Mr. Rodriguez's first objection is overruled.

Mr. Rodriguez next objects to the dismissal of Officer Xiong, asserting that because Officer Xiong pointed a gun at him, Mr. Rodriguez "could have been shot accidentally." (Doc. 32, p.4). To obtain relief under 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citation omitted)). However, drawing and pointing a gun at a prisoner or suspect, without any indication that the officer intended or attempted to fire the gun, does

---

[1] To the extent that—embedded within the numerous documents submitted—Mr. Rodriguez has actually objected to the remaining recommendations by the Magistrate to dismiss his claims, the Court adopts the Magistrate's recommendations and reasoning entirely.

3

not rise to the level of a constitutional violation. *Edwards v. Giles*, 51 F.3d 155, 157 (8th Cir. 1995). In fact, in his Amended Complaint, Mr. Rodriguez acknowledges that he did not believe that the officer wished to shoot him. Accordingly, Mr. Rodriguez's second objection regarding excessive force is without merit and will be overruled.

Lastly, Mr. Rodriguez objects to the dismissal by the Magistrate of his excessive force claims against the five unknown deputies in the Benton County Jail on February 18, 2003. Mr. Rodriguez's cause of action is barred by the statute of limitations, as these consolidated cases were not filed until 2014, some 11 years after the alleged conduct. While § 1983 does not contain its own statute of limitations, it is governed by the most analogous state statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, the statute of limitations for personal injury is three years. *See* Ark. Code Ann. § 16-56-105(3); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Therefore, any allegation related to conduct in 2003 is time barred, and is therefore overruled.

The Court, being well and sufficiently advised, finds that the R & R (Doc. 31) should be and hereby is **ADOPTED**.

**IT IS THEREFORE ORDERED** that Plaintiff Fernando M. Rodriguez's Amended Complaint (Doc. 5) is **DISMISSED WITH PREJUDICE**, as all claims asserted are frivolous, fail to state a claim upon which relief may be granted, or are not presently cognizable pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS FURTHER ORDERED** that Mr. Rodriguez's Motions to Correct and Amend (Docs. 51 and 52) are **DENIED**. Judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** this 13th day of July, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE